Good afternoon, ladies and gentlemen. This is the time for re-hearing on bank in the case of United States v. Castillo. We understand that counsel are ready to proceed this afternoon. Unfortunately, Judges Gould and Berzon are not able to be with us this afternoon. They will participate in the decision by listening to the tapes of argument and so we will proceed to hear the argument now. The counsel for the appellant may proceed. David Porter Thank you. My name is David Porter. At counsel's table with me is Don Reynolds. We represent the appellant, Domingo Yacobo-Castillo. In no less than four unanimous opinions in the last five terms, the Supreme Court of the United States has held that and warned against the profligate characterization of issues as jurisdictional. Apparently unaware of that precedent, the panel majority held that it lacked jurisdiction to consider the appeal, succumbing to the siren's sweet call because Mr. Castillo failed to abide by a rule of procedure. Rule 11a2 of the Federal Rules of Criminal Procedure is but a claims processing rule, nothing more and nothing less. Sotomayor Well, what difference does it make how you characterize it? Maybe it's not jurisdictional, maybe it's not a waiver, but it is a bar or a barrier or a break in the chain which precludes reliance upon pre-plea admissions, pre-plea issues because of the admissions in the plea. So isn't the bottom line the same? No, it's not. Not if there's a waiver by the government. As Judge Bivey pointed out in his dissenting opinion to the panel decision. Well, the government didn't waive what I just said. The government waived arguing that it was jurisdictional. But I'm saying assume it was not jurisdictional. Assume it wasn't. It isn't even a waiver. Assume that all that happens when you enter a plea is that you are then precluded, barred, there's a barrier erected, you're foreclosed from, making an argument with respect to pre-plea issues because they have been admitted or, as the Supreme Court said, removed from the case by virtue of the plea. I have two answers to that. The first answer is that there are some issues that the Court can sua sponte raise, regardless of forfeiture or waiver. You find that often in Federal habeas land where there is a statute of limitations or exhaustion issues. But that, those, there are independent concerns, independent of the parties, concerns of federalism, comity, and finality of judgments that require the Court to look at those issues independently on its own, and regardless of whether there's waiver or forfeiture. This is not a case that involves any of those independent concerns. There's no reason for this Court to step in and haul the government's fat out of the fire, as it were. But I guess if everything is subsumed with an unconditional guilty plea, how do you even have a case or controversy? The second argument that goes to your question, Judge Callahan, is that this was a conditional plea, an effective conditional plea. Well, before you get to the second argument, I'm not clear about whether you were just arguing that they waived jurisdiction, as Judge Reimer said, or are you arguing that they waived the beyond that, that they waived the argument that the motion to suppress was gone and that they addressed the merits of that argument? That's correct. The government waived not only the jurisdictional argument, which they've never raised, but they've also waived the argument that this was a unconditional plea. Well, no, that's different, too, from what I'm trying to understand about what your argument is. I thought you were saying that they had waived the argument that this issue could not be raised because it was a plea issue. That's an argument that Judge Reimer says to you quite correctly. The law is that when you plead guilty, you waive your right to assert it's gone, to assert a complaint about the events leading up to the plea, other than, you know, not a knowing plea. But you waive the objections such as an unlawful search and seizure. I thought you were arguing that, yes, even if you do waive those normally, that's something that has to be asserted by the government on appeal and that it wasn't that the government addressed the merits. I just want to make sure I get your argument right. Is that your argument, or are you just saying that it's actually an unconditional plea? No, that is my argument. The way you phrased it in the first place, that is the argument of the defendant, that they gave up that right. You're saying when the government doesn't assert that this was a type of issue that was waived, that you may then reach the merits of the issue? Yes. All right. Does that mean, then, that the plea agreement is of no effect? Can you still enforce the plea agreement against the government, even though the government – even though you claim that the government can't enforce the plea agreement against you? Well, if there are nonambiguous elements of the plea agreement that the defendant can't enforce, I believe that's correct. Right. So what you want is that you're claiming, then, that the government can't enforce what? The government's waived – this goes back to Judge Reinhardt's question, which I'm still trying to figure out your answer. Are you arguing, then, that the government has waived any objections to the court exercising – hearing the case at this point, but that everything else in the plea agreement still remains where it was? Yes. Okay. Now, if that's true, then why isn't the answer to the – to your – to – why isn't the answer to your claim on the merits that – that you have pled guilty and that a guilty plea, as the Court said in Tollett, closes out all prior constitutional objections and nonconstitutional objections to the plea? In other words, that may be fairly empty. You may have a right to have us hear it, but what is there left to hear? There is the underlying merits of the suppression motion if the weapon was found in violation of the Fourth Amendment. You admitted in the plea that there was probable cause to search the residence. But that's a merit, so you are – Oh, I understand. But either way – Yeah. Well, they're not talking about the outcome. The Court – I mean, I'm trying to see what issues we're trying to decide here. Are you challenging the validity of the plea itself? As a secondary or even tertiary argument, we are saying that the – the plea is not knowing involuntary. But you're not asking to withdraw it. You're asking to reverse. If the – I don't know how you get there. If the Court has to go to our tertiary argument, we would be asking for the Court to remand to the district court to allow the defendant to enter a plea anew, because it was a not knowing plea. Well, maybe your tertiary argument, but don't we have to reach it analytically? I mean, you start out with the idea as, one, do we have jurisdiction to hear this? We've talked about that. Two, was the plea, in my view, we have to decide whether the plea is knowing involuntary. If it's not, everything else falls away. Well, I would say that – You can't say, I don't think, analytically. Let's assume it is or not, and then reach these other issues. Don't we have to reach that analytically to make this flow? No, not if we accept the argument that the government has waived the right to challenge the – waived the right to challenge Mr. Yacobo's argument that the gun was found and entered in violation. But to reach that, we have to find that your plea was knowing involuntary, because what you're trying to say is, I believe, that it was conditional, and you preserved the right. And if you're going to enforce that, then we have to say it's knowing involuntary. So instead of tertiary, I think we have to deal with that first or second, don't we? Well, I think we win on either score, but I would urge the Court to first address the waiver issue. I think that's – If your second argument is that they have waived the right – as I understand the second argument, you don't have to challenge the plea for that. You're saying that they've waived the objection that this is lost by a plea. And if you're – if you were right on that, then you would get to the merits of the case. Or – and one of the arguments could be that the whole plea is no good. As I understand your argument, it may not be the way you understand it. I'm not sure. But as I understood your argument, your first argument is the jurisdictional argument. You get over that, and then you say there's a waiver of the argument that this is lost by the plea. That that's something the government has to assert and didn't. Yes. Yes. I thought that was clear from the briefs, and I'm sorry if it's not. I'm unclear about how you get to this conditional plea argument. I think all of the members of the Court have read the colloquy between the judge and Mr. Jacobo, and the judge just ticked right down all of the things that a judge needs to do to make certain that the plea is a knowing and voluntary plea. I see nothing aberrational in this plea agreement. What can you point to me in the record that suggests that this plea was in any way conditional? It's on page 203, 204 of the excerpts of record, beginning at line 10, where it says the defendant is waiving certain constitutional rights, but he understands that he retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentencing by an attorney, et cetera. And then the defendant also acknowledges that any pretrial motions currently pending before the Court are waived. This provision was not explained to him, and the clear negative implication of the last sentence is that he is preserving the right to challenge any pretrial motions that are not currently pending before the Court, that is, that have been decided. That's a matter of ambiguity in the plea agreement or interpretation of the plea agreement, rather than the voluntariness or validity of the agreement itself. And I understand your interpretive argument that he preserved some things and gave up some other things, but where did you raise the claim that the entire plea was invalid? Well, I believe it's not the entire plea that's invalid. It is the provision whether he has preserved any rights at all. And the plea itself has to be read in light of the plea agreement and in light of this sentence and in light of Judge Van Sickle's statement at sentencing that you have a right to challenge, to appeal this Court's determinations. And most importantly, in light of the government's conduct, the government's conduct is completely at odds with the idea that this is a conditional plea. Unless the government just loves briefing Fourth Amendment issues for the fun of it, it's completely contrary to say we thought that this was a bargain for conditional plea, and then to file an opening brief that answers on the merits, that cites other parts of this plea agreement and says, oh, well, those parts bar the Court from considering whether there's probable cause or not, but not to say, well, by the way, this was a conditional plea, we shouldn't even be here in the first place, and according to the government, this Court doesn't even have power to reach merits. Now, are you – now I've lost track. Maybe I lost track, but I was following your argument on the language, and the language, you're characterizing the context of it's involuntary, but it's not involuntary and unknowing if the language is construed the way you suggest it should be, which is he wasn't waiving the probable cause issue. In that case, why are we discussing it under the rubric of knowing involuntary? Rather, now you're making a contractual argument that he never did give up the right to appeal. Right. And if we construe the contract or the plea agreement that way, then we get around the jurisdictional issue and get around the whole – so I'm – it sounds like this is three-dimensional chess or five-dimensional chess, or – I'm sorry, Judge Fischer. They are – they are alternative arguments. Yes. My – my – I understand the alternative, but I don't understand why you are arguing it is under the rubric of voluntariness. If the language means what you say, you're saying if it doesn't mean what you say, that is, if it's construed to cover the plea agreement, the probable cause motion, then you're saying in that case it's not knowing involuntary because he reasonably assumed he wasn't waiving it. Yes. That's your argument. Okay. Yes. I've got a question about voluntariness of the plea. Where did you argue that this plea was involuntary, even as a tertiary argument, and that if we were to agree with that argument, he should be able to withdraw the plea? Well, as a tertiary argument, it's not primary. It's not in the front of the case. I'm looking for it in the back. I'm looking for it in the middle. Is it in the penumbra or what? It is – it is – It was mentioned in your blue brief, but not in the front. It's mentioned in the opening side and then again in our reply brief. It's – In the opening brief, that's where it matters. Are you arguing, counsel, that this – that the whole plea agreement is of no force or effect because it's involuntary, or are you trying to slice it up and say that parts of it are valid and the rest is not valid? I – our position is that the provision for the – the preservation of the plea agreement is of no force because it's involuntary, or are you trying to slice it up and say that parts of it are valid and the rest is not valid? I'm not trying to slice it up and say that parts of it are valid and the rest is not  I'm trying to say that the provision for the plea agreement is of no force because it's involuntary, or are you trying to slice it up and say that parts of it are valid and the rest is not valid? I'm trying to say that the provision for the plea agreement is of no force because it's involuntary, or are you trying to slice it up and say that parts of it are valid and the rest is not valid? And I think that's a very important argument that you're making, either that you can find a conditional way of – a conditional appeal by negative implication or that you can find it because of advice given by the judge of a right to appeal. And my question is, A, why should we depart from other circuits in that view, and, B, the whole point of a conditional plea is to go beyond just contract between the government and the defendant, but it involves the court, because the court has to consent, has to explicitly consent to a conditional plea, which it doesn't have to otherwise. And the court is then making a judgment that it's valid to preserve the right to appeal and explicitly defined issue in writing. And that doesn't exist here. Well, because nothing in the rule says that the government and the court have to explicitly consent. Consent is a construct. I'm sorry? There is nothing in Rule 11 that says the government and the court have to, quote, explicitly consent. I'm saying explicitly. If, in the event of the court and the government, a defendant may enter a conditional plea of guilty, reserving in writing the right to have an appellate court receive and review an adverse determination of a specified pretrial motion, now, that's what the rule says. Judge Rimer, there's no – the word explicitly does not appear in that. It says consent. I'm sorry. I didn't suggest that. As one judge suggested this morning about – I think it was Judge Kaczynski about the – consent. Consent is a construct. Consent can be implied from the conduct of the parties. And here you have the government itself and the court itself saying at the sentencing, you have a right to appeal this Court's determinations. I read that to consent to the defendant's right to appeal. Wasn't he talking about sentencing when he made that statement? The sentencing range, the sentence imposed was outside of the agreed-upon range in the plea agreement. It could be. About 45 months or something. About 46 months instead of 21 to 27. That's true. That's what the district court judge said, was that it looks like you could appeal the sentencing determination. This is the same judge, however, that made the – Judge Van Sickle, who ruled – who denied the suppression motion. Oh, so you're arguing that that goes back to the motion that's suppressed? I'm saying that at the very least it's ambiguous. And the court did accept the agreement that has the ambiguous provision that says I waive my – the pretrial motions that are currently pending. Well, that means that I'm reserving the right to challenge the motions that are not currently pending, that have already been ruled upon. Were there any motions pending at that time? Yes, there were. There were three motions filed pretrial. Motion to compel 404B production information. Motion to compel grand jury testimony. And there's only one written order denying motion, and that was the motion to suppress evidence. You said that if the government waived the objection to the preexisting constitutional error argument, that's what they waived. So that means then, as I understand it, you can now argue that the – there was no probable cause. And the question was posed to you, but the plea agreement admits guilt. Are you saying that that is set aside because, in effect, it's been transformed by their waiver into a – in a conditional plea agreement, even if it weren't construed as a conditional plea agreement under the Rule 11 ambiguity analysis? Exactly. And that's why I phrased it as an alternative argument. But when you stipulate to the facts in the plea agreement, when you stipulate it to the facts in the plea agreement, if we get down that far, we're punching through the merits, and the facts indicate that you are stipulating, essentially, to probable cause, why doesn't that argument go away if the plea agreement is enforceable as knowing and voluntary in its entirety? Probable cause is a legal determination, not a factual concession. And so it might have been an ill-considered choice of words, although it's the government's choice of words. Mr. Yacobo signed it, but that is an issue for the Court to decide, not for the parties to bind the Court in a stipulation as to a legal matter. I see my time is running out. If we understand your position, if you'd like to reserve the remainder of your time. Thank you. Good afternoon. My name is Jill Bolton, and I represent the United States in this hearing today. And I've actually represented the United States from the day this case was initiated. We're here today because an event happened with Mr. Yacobo, and that is that he appeared before the district judge and he said, I'm guilty. He didn't say, I'm guilty on condition that the court of appeals approves your pretrial rulings, Judge. That guilty plea was a solemn event, an event between the defendant and the district court judge that was presiding. That was just the case. Well, let's talk about the issue that really brought us here. You've been here from the beginning. When did it first occur to you that there was no jurisdiction in the court of appeals? When Judge Beezer said so. Beezer said so. And you were persuaded by that opinion? Absolutely. And it was truly an oversight. I admit that. But where we are, I think, today is a question of jurisdiction. It truly is, because I think, as has been pointed out in the questions already, the question becomes, after a defendant pleads guilty, what is the case or controversy? That is the fundamental basis for jurisdiction. So, counsel, by jurisdictional, you don't mean that this is barred by 28 U.S.C. 1291, which gives us jurisdiction over a final judgment in a criminal case. What you mean is, if I understand it, with case or controversy, you're suggesting there's some kind of Article III impediment to our jurisdiction. Is that right? Well, I think there's both. First, the ---- Do you have a third position? I don't. I think it's just those two. But Article III certainly says that this Court should hear cases or controversies. Once a defendant has pled guilty, he said that everything that happened that's inconsistent with my guilt, Judge, that you've ruled upon, that is now moot. It's irrelevant. It no longer is an issue. Yeah, but what if he didn't ---- This, I guess, gets back to the voluntary plea question. What if he didn't say that? What if the plea agreement gives us fairly good evidence that he thought there was something to appeal because the language we were pointed to in the plea agreement that specifically talks about he has a right to the assistance of an attorney on appeal of the conviction and sentence, refuse only ---- refers only to waiver of pending motions? I mean, reading that, I might think if I were the defendant and I were literate, which often is not entirely the case with the defendants, but that I actually could appeal these things. So why is this, then, a voluntary plea? I mean, you know, maybe he didn't understand what he was pleading to. Well, I guess I'm ---- I guess I just moved the tertiary argument, if that's the numbering of it. Well, and where do we ---- where do we ---- at what point do we evaluate whether it's conditional or unconditional? Maybe in answering Judge Fletcher's question, there's some procedural issues about what happened when in an order. So there are now three consecutive questions that I think I'd like to get to. The first one is, I think we ---- and I'll go in reverse order. The first is, at what stage do we determine? And that is at the change of plea. And we look at the plea agreement and we look at the exchange that takes place in court to discern whether or not the defendant said, I plead guilty, Judge, only on condition that. So I think the plea agreement speaks for itself on that, as does the record at the change of plea. Kagan. Plea agreement says, quite clearly, that he's retaining the right to appeal. But you're saying the plea agreement doesn't give him the right to appeal. So I'm saying, well, what in the world did he think he was pleading to? And if he had no idea what he was pleading to or if he thought he was getting something he's not getting, why is that a voluntary plea that you can stick him with? Why doesn't he get to withdraw the plea, in other words? Well, first of all, and I'm going to preserve this argument right now. This was not the argument that was ever made in the direct appeal. In front of the first three judges, it was raised really for the first time, and I will submit to this Court, when the defendant filed his reply brief to my supplemental brief. So I'll let Mr. Reporter, while he's sitting there, muster all the support he can as to why that argument is properly in front of us. And I agree with you that I'd like to see something that tells us that we have that argument here. I think that's a question. Let's assume for the moment that that argument is preserved. What's your answer? The guilty plea itself is or the change, excuse me, the plea agreement itself is my answer. And I think this Court can look at it and can read it and can see that the only thing that was preserved on appeal was the right to appeal the sentence if it was no greater than the sentence. But what's this sentence doing in here, then? I'm on now page three of the plea agreement, page 204 of the excerpt. While the defendant is waiving certain constitutional rights, the defendant understands, the defendant retains the right to be assistance through sentencing and any direct appeal of the conviction and sentence by an attorney, dot, dot, dot. I mean, well, that's totally inconsistent with what you've just said. No. Actually, and I'm actually looking at my supplemental excerpts, which is the filed version of the plea agreement. Is it different from what I've got? The supplemental excerpts of record at 18. Oops. Page 9 of the original plea agreement, where it says at paragraph 20, appeal rights. The defendant agrees to waive the right to appeal the sentence. Which doesn't include he waives the right to appeal the conviction. Right. So he hasn't waived the right to appeal the conviction. That's his point. That's his very – you're making his very point. But no, but he has, because he has not entered a valid conditional plea. And that's what we get back to the case. What does that mean? Cancel over here. Yes. What does that mean exactly? Because in most plea agreements, if there's a conditional waiver, the language is in there. If there's a waiver of the right to appeal the conviction, the language is in there. If there's a waiver of right to appeal only the sentence, if it's within a certain range, the language is in there. Here, you're missing the language about waiving the right to appeal his conviction. Well, quite the opposite. It says that the court must have intended he have a right to appeal the conviction because it says he retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentenced by an attorney. Doesn't that suggest to you that when they say he retains – in the agreement that he retains the right to be assisted by an attorney on a direct appeal of the conviction, that they intended there be the right to have a direct appeal of the conviction? He can reconcile paragraph 20 with what was just said, because all paragraph 20 says that if the sentence is outside the agreement, then he has also an appeal on the sentence. You know, I'll give you a good – That's the – that's what paragraph 20 goes to, doesn't it? It doesn't do – it doesn't waive his right to appeal the conviction. Well, I think no matter how you decide that that – how you read that specific provision, what is the defendant's conviction at that point? It is a conviction pursuant to a guilty plea with the judge. But that's not a jurisdiction – I'm over here. That's not a jurisdictional question at that point. One could – there's a difference between appealability of the judgment and reviewability of a particular issue once that appeal is heard. And the tertiary question, the third question then would be the merits of any issue. And I think what is – what we're trying to sort out, at least what I – speaking for myself, I'm trying to sort out is what are the things that we call reviewability or the opportunity to reach a particular question or claim. And if we get past that, then what do we do with the merits? And what the – you started out by saying that we have to stop at stage one on appealability. And I think that's where I don't follow your argument. I think what the Tollett question seems to perhaps go to reviewability. I'm not sure if I understand the distinction you're trying to make, Your Honor. But what I was – Jurisdiction says we don't even have the opportunity to come into court. The whole thing is dismissed. And there's – reviewability, it seems to me, has to do with once you have a properly brought appeal, the notice is timely and any fees are paid and so forth, and we come in and we have two parties here. For example, they might not have preserved the issue, so we can't review it. But that doesn't mean we lack jurisdiction. And I guess that's what I'm having trouble with personally. Well, I think that's where the import of Rule 11a2 comes into play, as we analyze this plea agreement, as we analyze the statements that were made at the change of plea hearing. Let me give you a good fourth position. Why don't you stipulate with the defendant that this matter can go back to the district court and a plea can be withdrawn. And then you start from square one. Okay? That's what you ought to do. Well, I suspect you're not going to do that, so. You never know. I've got great powers of persuasion. Let me go back and let's assume. Let me get her answer first. I'm willing to agree to that. Well, you know, you better go to the sixth fallback position. You are willing or unwilling to agree to that? Unwilling. Unwilling. Oh, unwilling. Okay. Then let me go to the sixth. Let's get through Judge Graber's analysis. And let's assume that, as she put it, there is jurisdiction and you then get to reviewability, at which point you would assert this is not reviewable because he entered into a plea agreement which waives the pretrial motions, objections to those. No? No. I don't think we get past the jurisdiction argument. Let's assume we do for the moment. Okay? Because I think you may be surprised, but let's assume we get by jurisdiction and we get to the point where we have jurisdiction, they come up and they complain about the pretrial motion that the search was improper. Now, you would then say Tollett bars this. Now, let's assume you don't mention Tollett, you don't raise that argument, you don't say it bars it. Then do we get to the merits? I think that's an analysis you can't reach because Tollett really is a jurisdictional implication. Okay. Did you raise Tollett as an objection? I didn't. But the government can never waive jurisdiction. Let me ask you. So if Tollett is not jurisdictional, then you waive the Tollett argument. I can't even make that assumption, Your Honor. I think it is so plain and basic under the statute. Well, you didn't even think it was jurisdictional until Judge Beeser told you. Absolutely right. And I have admitted that. And now it's so plain and evident to anybody? Well, once we sit down and let me ask you a question. What did you mean, your brief, when you argued that by admitting to the factual basis of the charge and acknowledging the propriety of the search, Cothelia should be held to a sworn stipulation? I mean, did you mean by that to be arguing jurisdiction, or did you mean by that to be arguing, in effect, the Tollett issue? That is, that you just foreclosed from bringing up pre-plea issues. Well, certainly, had the government raised jurisdiction in our opening briefs, we wouldn't be here today. Let me just say this. I don't understand your jurisdiction argument. I do understand the principle that once a plea agreement has been entered, all pre-plea issues are foreclosed. They're barred. There's a break in the chain. There's a barrier erected to them. They're removed from the case in the words of the Supreme Court. However you want to put it, whatever category you want to put into it, they're gone. Now, is that what you meant to be arguing in your brief, or did you or not? In my first brief? Your first brief. The red brief. The red brief. I mean, that's what you said. Now, what did you mean when you said that? What I just said now? Or something else? What I think is crucial, and why this is, it turns out. You wish you had meant what she said. Well, actually, counsel, let me just, counsel, I'm over here. I'm sorry. Okay. So let's, I'm going to assume with you for a minute that the role of Menentala is jurisdictional and would bar jurisdiction. If in fact the, I don't have the plea colloquy in front of me, but if I had it and I was looking at it, I would be looking for the words that said that the plea of guilty was pursuant to the plea agreement, such that the plea agreement defined the rights between the two parties. And so, I mean, typically when there's a conditional plea agreement and it's expressed language is in the plea agreement, although the defendant may do a plea of guilty, it's very clear that it's subject to his right to appeal the pretrial motions that went against him. And I don't have that colloquy in front of me, but usually they say I'm pleading guilty pursuant to the plea agreement between the government, right? Yes. And if it's conditional, it will set forth. In the plea agreement. In the plea agreement. Not in the colloquy. Because of Rule 11a2 says a specific writing. So the plea agreement would have to say I'm including, preserving for appellate review my right to have the court of appeals review your decision, the decision of the district judge concerning the motion to suppress. The motion for pre-indictment delay wasn't even reviewed by the district court judge. So what is the issue, then, in terms of the jurisdictional and the finality of judgment? Well, the question, my question, my question is going to the fact that this plea agreement at best might be ambiguous, but if you read the straight language, it appears to reserve the right to appeal the conviction, which also entails some of these pretrial issues which might render, you know, if the evidence had to be suppressed, you wouldn't have a conviction. And it sounds like what we're getting into through that line of questioning is contract analysis. Right. And that becomes pertinent in a sentencing appeal, and it also can become pertinent the other avenue, as it was discussed here, is if the plea was knowing voluntarily and intelligently entered. But if he thinks he's preserving the right to appeal these issues and the plea agreement is ambiguous and his plea is conditioned on that, at least in his mind, don't we back to the question of whether it's voluntary and knowing? Especially, you know, we were talking about waiver of appellate rights at sentencing, and I realized this wasn't at the change of plea agreement, but the district court says you have a right to appeal the court's determinations. If you wish to appeal, you must file a notice of appeal. The clerk of court knows this must be in writing. It must be filed within 10 days of the judgment. The defendant is sitting right there. He thinks he's preserved his right to appeal. So if this issue, if this is the key issue here, then I don't know how the plea can be knowing voluntarily. Because the district court is telling him he's got a right to appeal. Arguably, the plea agreement preserves that right because it's not among the constitutional rights waived. They say you've got an attorney through the appeal. There's plenty of fodder for both of you to say, well, or plenty of fodder to say that it's best ambiguous, and at worst, it preserves the right to appeal. You get to Judge Werle's questions, what rights did he preserve to appeal, I think that gets a little dicier. But it's hard for me to see how there wasn't at least some question about whether he preserved his right to appeal. And if that's the case, how can that plea agreement be knowing and voluntary if that's the pivotal issue here? Well, first of all, and I'm going to preserve it again, I think the defendant has to raise that issue. They have to raise in front of the panel. I just understand your arguments on that, and I'll preserve it in my mind. Well, I'm trying to be careful here. And the next part of it really is this Court, when it is reviewing a conditional guilty plea, cannot ignore the requirements of Rule 11a2, and they require specificity of the issues in writing. And ambiguity doesn't cut it under the rule. No, I'm talking about whether or not this is ambiguous. If we thought he was preserving something you didn't think he was preserving, it goes to the voluntariness of the plea, and the whole thing goes back to either he re-pleads or he tried. Well, it just seems to me you have to look at the plea colloquy with a judge. He goes through all of the rights. He goes through the knowingness. And then he tells him he has a right to appeal, my determinations. You can file in 10 days, he says. At the sentencing hearing, which is not the dispositive hearing for the determination of the voluntariness of the plea. Right. But all I'm saying is that if the district court believed that this was a conditional plea, and he tells him that at sentencing, it lends credence to the fact that the defendant may have been misled, even though he didn't use the proper form and even though those issues weren't, in my estimation, probably properly preserved in the case, if the defendant thinks I've made a conditional plea, the judge tells him he's got a right to appeal the determinations, it seems to me it goes to the voluntariness issue. And I'll just answer that again. If you look at the plea agreement and you read it and you read the terms, I think that it says otherwise and it speaks to the interpretation that the plea was unconditional. Can I come back to some of the material we've gone over before with respect to waiver or waiver of the waiver and so on? I'll introduce this by saying I'm a great admirer of the D.C. Circuit, and I always follow the opinions of the D.C. Circuit on all matters. The case of United States v. Delgado Garcia, I don't see cited in your briefs. Indeed, I'm not sure I see it cited by the other side, although I might have missed it. Citation is 374 F. 3rd, 1337. It was cited in 2004. This is a case where the defendants pled straight up. That is to say, they entered an unconditional plea. And then the government, on appeal, didn't raise that this was unconditional appeal, and they briefed the merits. I'll just read to you from the beginning of Roman II of the D.C. Circuit's opinion. The appellants unconditionally pleaded guilty to the crimes of which they were charged. The first issue we address is whether their unconditional pleas waived the claims they now assert. We hold that these pleas waived all of appellant's claims. However, the government does not advance the argument that the unconditional pleas waived appellant's claim, that such and such section does not apply extraterritoriality. Extraterritorially, the government has thus waived its waiver argument, and we address the merits. So D.C. Circuit says, at least with respect to an extraterritoriality question, the government's failure to raise the waiver is itself a waiver. Now, that doesn't necessarily get me all the way to this case, because what's at issue in extraterritoriality is not a question of guilt. But do you go along with the D.C. Circuit so far as to say the government can waive the waiver as to questions that don't go to guilt? I wouldn't use the same term of waiver that the D.C. Circuit used. But I would say that extraterritoriality, and I haven't read this opinion, is more than likely a jurisdictional question. And jurisdictional questions don't get waived. It's not inconsistent with ---- No, that's not the rationale here. I understand that there are certain things that are not waivable, but this was not waivable, according to the D.C. Circuit, waivable by the defendant, and the waiver was waivable by the government. Let me ask you, my understanding has always been that the government has an obligation in cases where it sees that there has been something gone wrong to call it to the attention of the court and confess error. Now, if an appeal is made from an agreement like this, which we assume has a waiver in it, but the appeal is from the final judgment of conviction, and it says that my plea of agreement was coerced because my daughter was threatened, the government has information that says that, that tells it that that's true. Doesn't the government have an obligation to confess error in a circumstance like that where it knows that something was wrong, even if the district court didn't explain something properly? Doesn't it have an obligation to confess error in those circumstances? And if your assertion now that you didn't brief, but the assertion that there's no jurisdiction even to consider that argument, would do or would put the Justice Department in a very different position than it would otherwise be, it seems to me. What's wrong with my thoughts on this? What I see the issue in that question involving is whether the plea is knowing, voluntary, and intelligent. And certainly, it seems to me in a case where we have knowledge of some, something that goes to the knowing, voluntary, and intelligent nature of that plea, which we don't have here. But, yeah, I think so. I think we get to that point. Well, you couldn't do it if your position is that the language in the agreement is a waiver, and this Court lacks subject matter jurisdiction to even consider it. Oh, but this Court always can consider whether a plea is knowing, voluntary, and intelligent. But that's a different issue from whether or not it can consider merits of pre-guilty plea issues. And I really have wanted to get back to Judge Bybee's question, because it was back in the beginning about the finality of the case. You know, we're very merciful here today. And, really, you ought to confess error, and we ought to send it back, and go. Yeah. And I never heard the ridiculous arguments as I've heard today from both sides, but not entirely from one side. Counsel, in the course of trying to get yourself back to my question, let's envision the following scenario. That you have a — that Mr. Jacobo Castillo, notwithstanding what you think is an unconditional plea agreement, files an appeal in this Court, and you immediately recognize that you have a perfectly enforceable, unconditional plea agreement in the Court. That the pending issue, let's suppose, is an interesting issue on the Fourth Amendment, and that in the Justice Department's considered opinion, this would present a prime vehicle for litigating that particular question. Can the government in that circumstance expressly waive a very knowing waiver of the plea agreement in order to litigate a question it's very anxious to litigate? No. And the answer is because what? Because of Rule 11a2. Let's imagine for a minute, and I think the best way to answer your finality question that you had way back on what is a final judgment that this Court can review. By statute, Title 28, Section 1291 says this Court can review final judgments. Everybody is very familiar with that. And then if we look to the enabling statute that gave the Supreme Court the authority to promulgate these rules, to create them, paragraph C says that the rules may define when the ruling of a district court is final. So whether or not Rule 11a2 implicates or defines a class of cases which is final is maybe best explained by just pretending we're in 1982 and Rule 11a2 didn't exist. In what context would these issues ever come before this Court, the motion to suppress or the motion for pre-indictment, to dismiss for pre-indictment delay? Why don't we have jurisdiction to determine whether or not it's a true 11a2 situation? In other words, obviously, if he followed 11a2, we'd have the right to appeal as preserved. He says he complied. You say he didn't. Why isn't that question justiciable? Well, I think the judge ---- In other words, if we agree with you that he didn't comply with 11a2, you win, but we have jurisdiction. If we disagree, you lose, but we have jurisdiction. I don't understand your jurisdictional argument. The stage at which the guilty plea is entered is a stage at which the events, a break in the chain of events happens. Before the enactment of the rule in 1982, we ---- a defendant to bring these issues would have had to file what's called an interlocutory appeal of those issues. And the Court routinely ---- any attempt to try to do it other than an interlocutory appeal was rejected by all the circuits. Based on this ---- based on this basic understanding that a guilty plea breaks the chain of events and makes everything else irrelevant, that is inconsistent with the defendant's purpose. But you're arguing, then, that the reason that we lack jurisdiction is because of 1291, because this is not a final judgment? It ---- the pretrial rulings are not final in the legal sense of reviewability and maybe I'm using the right terms now to answer your earlier question. But in terms of reviewability, because it hasn't been ---- the guilty plea makes it irrelevant. It makes it moot. It makes it no longer a case or controversy. So it's not a final decision in the legal sense of reviewability. And when the Supreme Court ---- That's an Article III argument. That's not an ---- that's not a Rule 11 argument. That's an Article III argument. No case or controversy. You know, it's irrelevant that the ---- that the plea subsumes everything, and therefore, it's essentially a mootness and no case or controversy. That's ---- I don't understand your Rule 11 argument. I understand that argument. Well, okay. I don't think that they're necessarily separable. I think they need to be read together. They're both jurisdictional-based. And one is actually statutory basis. The other is the Constitution. But it's ---- what Rule 1182 did essentially is just define this class of cases that you can now hear, which otherwise in before ---- in 1982 and prior to that, this Court couldn't hear. When you answer Judge Bidey's question with a direct no, what do you do with Rule 11? I guess it's the very last section, which says harmless error. A variance from the requirements of this rule is harmless error if it does not affect substantial rights. Well ---- You said the government couldn't waive. What does that mean? Well, I think we can't review under harmless error because, again, we go back to the requirements of the rule. The district court has to ---- No, you just said the government couldn't waive failure to comply with Rule 1182. That's right. And my question was, how does the last clause fit in, harmless error, if you don't comply, unless it affects substantial rights? Well, what are the substantial rights in issue? Once a defendant has pled guilty, does he have a substantial right in ---- No, no, no, no. You're ---- it had to do with ---- Judge Bidey asked you if the government could ever waive the requirements of Rule 1182 in his hypothetical that he gave you. And you said flatly, no. And I just was wondering if you had considered the harmless error provision in H. You can answer briefly. What I'm saying is that the government can't waive jurisdiction. Okay. Okay. Thank you. Your time has expired. In response to Judge Fletcher's question, where did we raise this issue about the knowingness and voluntariness of the plea? At our opening brief on page 27, the supplemental opening brief at page 27. I'm looking at supplemental opening brief. It's blue with a little bit of, okay, what page? 27, subsection C. I believe because it's a supplemental brief, it's a TAM. Yes, it's TAM. Well, I'm going to go back and look at the supplemental briefing on page 27 of a 29-pager. Okay. So what's it saying? Wait. You're saying that you raised this issue in your supplemental brief but not in your blue brief. That is correct. And then it's repeated at page 15 of the supplemental reply brief. But when it was before the panel, it was not raised, correct? That is correct. Well, wait a second, counsel. I'm looking at your blue brief. On page 27, section C, it does raise it. That's right. I thought you raised it on 27 of the blue brief. Am I wrong? It's in your blue brief. Thank you. Blue brief. The question is whether that's a voluntariness argument or an interpretation of the agreement argument. Page 27 of the, where you say, the plea agreement does not bar his right to appeal the conviction. Is that? And the waiver is knowingly and voluntarily made. And then you go on to argue, which is what I think is your gist today, and I don't know how we got so off track, but the plea agreement is not specific as to matters which had been determined by the court, i.e., the court's denial of the motion to suppress evidences to the warrant that acknowledges his right to direct appeal. So it was preserved in both the open and closed cases. Well, this is the important one for purposes of our jurisdiction and waiver. But may I inquire, because today I thought I heard you answer Judge Smith's question saying that really you weren't challenging the whole agreement, you were just challenging part of the agreement. When you say it's not knowingly and voluntarily and you say you preserved it, are you today arguing that the entire agreement is not knowingly and voluntarily or are you saying certain parts of it are not enforceable? We are saying that the ambiguous language that we pointed to repeatedly is not enforceable as the government says it is. This is an unconditional plea. So basically, whether you preserved it or not, you're abandoning that argument today, that the entire agreement was knowingly and voluntarily. That's not how you answered my question. I understood you to say that agreement is construed in your favor. That's your first line of argument. It was a conditional, inartfully drafted plea agreement, which preserved the right to appeal the already decided, not pending pretrial motion. Yes. If you lose on that, then at least that aspect of the that clause of the plea agreement is not knowingly and voluntarily consented to. Yes. But whether that means you void the entire agreement or it's a severable provision. Do you want to be tried? A severability provision in the plea agreement. Does your client want to go back and be tried and re-statustored? Or just go back and have a chance to enter into another plea agreement or whatever? My client would want this Court or wants the panel to determine the search issue on the merits. And if we say, well, you waived the waiver, but only as the things that don't go to guilt, then what do you want? Then as an alternative argument, we are asking the Court to find that the plea is not knowing and to remand it. Is there a possible basis in the record, is there, to make that determination? On the basis of the ---- You've never asked the district court to withdraw the plea on the basis that it was not knowing and voluntary. You haven't asked us for a remand so that the district court could make that kind of a determination. We're not on habeas review from an evidentiary hearing where it was determined that the plea was not knowing and voluntary. So my question is, on what possible basis in the record could this Court today make that determination alternatively? On the basis that we've spent almost an hour here trying to figure out what that provision in the plea agreement meant. Well, I don't have to ask you to figure out what it meant. I mean, it's consistent with the rule, and you read the agreement. And even if you're ---- if you lose, my question is, on what possible basis in the record could we determine that he didn't know that that was exactly what the plea agreement said? On the basis that all of the parties acted completely contrary to an understanding that this was an unconditional plea, that the government spends 35 pages of its opening brief because it loves the Fourth Amendment, and it would just ---- Chagoin and Floyd and Carrasco, and if you read Rogers and Bell in the Sixth Circuit and the Seventh Circuit, all rejected exactly that argument? And respectfully, Judge Reimer, those decisions are wrongly decided. They have nothing to do with jurisdiction. At Chagoin, where the Court said that I was the district judge, at the time, this Court said, the district court, the parties, and the lawyers all fought, asked, but that's just not so. I mean, the rule of the conditional plea is a specific requirement that doesn't depend upon negative implication. Roberts, I would suggest that this Court's Rule 11 jurisprudence is actually in the minority, and it's on our ---- in our brief on page 33, our opening supplemental brief on page or note 33, we explain why this Court's jurisdiction is in ---- this Court's decisions on Rule 11a, the requirement for strict compliance with Rule 11a is in the minority. You want us to overrule that line of authority? If the Court gets to that, yes. If the Court has to get to that, I believe that the Court, in light of four unanimous decisions by the Supreme Court of the United States, should overrule specifically Floyd and Carrasco and Reyes-Portero, as contrary to what the unanimous opinion of four Supreme Court cases have said. Counsel, if I could just change the subject for just one second here. I'm interested in your take on the plea colloquy, if you will, with the judge. Whatever you think of the plea agreement, and I think I have some sense of that, the judge asked, to the charge of possession of firearm by a prohibited person, that is an illegal, a person who is an alien and illegally in the country, how do you plead the defendant guilty? The Court, has anyone forced you to enter this plea? No. Is the plea entirely voluntary? Yes. Do you plead guilty because you are guilty? Yes. Then over on page 8, now, by pleading guilty, you are giving up a number of rights. First of all, you are admitting that the charge is true. Yes. Now, he was in court. He had a colloquy with the judge. Are you saying that in addition to ignoring, in effect, the plea agreement you want us to ignore the colloquy between the judge and the defendant? Not at all. What I'm saying is that that plea, as Judge Wardlaw has pointed out, must be read in light of the plea agreement. This was not a straight-up plea. This is not the first time he's coming before the Court and he's writing on a blank slate. He is pleading pursuant to a plea agreement that sets forth the rights of the party. Right. Your time has expired. Thank you, Your Honor. The matter just argued is submitted for decision. That concludes the Court's calendar for this afternoon. The Court stands adjourned.
judges: Schroeder, Pregerson, Reinhardt, Rymer, Thomas, Graber, Wardlaw, W Fletcher, Fisher, Gould, Paez, Berzon, Bybee, Callahan, Smith, Cjj